IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES DARRYL KESECKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARIN COMMUNITY COLLEGE DISTRICT,<br><br>　　　　Defendant. | Case No.: C11-4048 JSC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT (Dkt. Nos. 19, 20)** |

Plaintiff brings claims under the Americans with Disabilities Act ("ADA"), Fair Employment and Housing Act ("FEHA"), and California Labor Code §132a arising from his employment with Defendant Marin Community College District.[1] (Dkt. No. 1.) Now pending before the Court is Plaintiff's motion to amend his First Amended Complaint to add a §1983 claim against two new proposed defendants, Linda Beam and Mitchell Lemay. (Dkt. No. 20.) After carefully considering the pleadings submitted by the parties, and with the benefit of oral argument on August 2, 2012, the Court DENIES Plaintiff's motion.

---

[1] Pursuant to 28 U.S.C. § 636(c), both parties consented to the jurisdiction of a United States magistrate judge. (Dkt. Nos. 6, 8).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff worked as a police officer for the College of Marin from 1994-2009. In 2005, Plaintiff broke his arm in the line of duty and "was subjected to harassment by his co-workers because he was not able to work the overtime hours his superiors and co-workers expected him to work" upon his return. (First Amended Complaint ¶ 13.) "Due to the stress of this harassment," Plaintiff developed additional "physical ailments from stress" that required him to take leave in August of 2006. (Id.)

When Plaintiff attempted to return to work in December of 2006, he "was informed by his employers that they did not want him back." (¶ 14.) After passing "a battery of tests to determine if he was fit for duty," Plaintiff returned to his job in April of 2007. (¶ 16.) In September of 2009, Plaintiff "filed papers to finalize his workers compensation case," which was based on "various medical injuries that resulted from work-related stress" and Plaintiff's previous arm injury. "Though the workers compensation case settled in September 2009, [Plaintiff] had been working and continuing to treat for his injuries since 2007." (¶ 18.)

Even though no new findings were made regarding his fitness for duty between 2007 and 2009, Linda Beam told Plaintiff in November 2009 that "he could no longer work as a police officer because of his disability." (¶ 19.) No accommodations were made for him despite various meetings with Linda Beam and Police Chief Charles Lacy; instead, they ordered him to submit to a further psychological exam. (¶ 20.) Plaintiff submitted to an additional psychological exam by Dr. Clementi, who also conducted his 2007 exam, and thereafter "was told he could not remain a police sergeant." (¶¶ 20-21.) He was not provided with shifts and was "forced into taking retirement." (¶ 21.) In October of 2010, Plaintiff underwent a psychological evaluation by a different doctor, Dr. Lerchin, and "was found fully fit to carry a concealed weapon." (¶ 23.) He then requested reinstatement, which Defendants refused. Defendants continue to "discriminate against him by refusing to provide him a concealed weapons endorsement which is proof that he was an honorably retired police officer." (¶ 24.) In addition, because Plaintiff was not issued a retired peace officer ID card, he alleges that Defendants "substantially reduced" his ability to find other employment. (Id.)

## PROCEDURAL HISTORY

Plaintiff originally filed in Marin County Superior Court on April 21, 2011.  He filed the First Amended Complaint on August 4, 2011, which Defendants removed to federal court. Plaintiff makes  five claims: 1) Retaliation under the ADA and FEHA and California Labor Code § 132a, 2) Failure to provide reasonable accommodations under the ADA and FEHA, 3) Failure to engage in good faith interactive process under the ADA and FEHA, 4) Wrongful constructive discharge under the ADA and FEHA, and 5) Discrimination under the ADA and FEHA.

Following a case management conference on March 30, 2012, the Court ordered trial to commence on January 28, 2013.  The parties subsequently stipulated to a fact-discovery cut-off of August 1, 2012, expert discovery cut-off of September 24, 2012, and a dispositive motion filing deadline of November 1, 2012.  (Dkt. No. 18.)

One month later, on June 15, 2012, Plaintiff filed the pending motion to amend his complaint to add a § 1983 claim against Linda Beam and current College of Marin Chief of Police Mitchell Lemay.  The proposed new claim alleges that under California law Plaintiff has the right to receive a concealed weapon permit upon retiring and, if the permit is denied, he has a right to hearing.  (Dkt. No. 21-1¶ 27.) He alleges that these new defendants deprived him of due process by denying him the permit and then refusing to provide him with a hearing.  (Id.)

## DISCUSSION

Federal Rule of Civil Procedure 15(a)(2) states that a party may amend a complaint before trial "with the opposing party's written consent or the court's leave" and that the "court should freely give leave when justice so requires."  Though Rule 15(a) is "very liberal . . . a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006). Undue delay or futility cannot alone justify the denial of a motion to amend.  Owens v. Kaiser

Foundation Health Plan, Inc., 244 F.3d 708, 712-13 (9th Cir. 2001).  The most important factor is prejudice to the opposing party. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-31 (1971).  Neither party alleges that Plaintiff filed the second amended complaint in bad faith; the Court therefore considers prejudice, undue delay, and futility.

### 1. Futility

Although not pled in the proposed Second Amended Complaint, Plaintiff's pleadings establish that his new claim is premised upon California Penal Code Section 12027.1.  That statute provides that any peace officer who retired after January 1, 1981 "shall have an endorsement on the identification certificate stating that the issuing agency approves the officer's carrying of a concealed and loaded firearm." Cal. Penal Code § 12027.1(a)(1)(A)(i).  It provides further that the concealed weapon endorsement may only be revoked or denied "upon a showing of good cause," and such good cause shall be determined at a hearing. Id. § 12027.1(a)(1)(B).  The issuing agency (that is, the peace officer's former employer) may deny an endorsement without a hearing.  "If a hearing is not conducted prior to the denial of an endorsement, a retired peace officer within 15 days of the denial, shall have the right to request a hearing." Id. § 1207.1(b)(1)(3).  "A retired peace officer who fails to request a hearing" as required by the statute forfeits his right to a hearing. Id.

Defendants argue that Plaintiff's proposed amendment would be futile for three reasons.  First, the proposed claim alleges that proposed defendants refused to provide Plaintiff with a concealed weapons permit as part of a workers' compensation compromise and release" (Dkt. 21-1 ¶ 17), but that release was set aside.  (Dkt. No. 24 at Ex. B.)  Second, "settlement discussions and proposals are not admissible, and, therefore cannot support the basis for a cause of action."  (Dkt. No. 23 at 4.)  Although not explained, Defendants appear to be referring to Plaintiff's allegation that he was denied his concealed weapon permit during the workers compensation settlement discussions.  Third, upon the denial of his request for a hearing, Plaintiff was required to seek a writ in the Superior Court.

The Court agrees that Plaintiff's claim is futile, but for a different reason: it is not yet ripe. See Wolfson v. Brammer, 616 F.3d 1045, 1058 (9th Cir. 2010).  The statute upon which

4

Plaintiff's section 1983 claim is premised gives a peace officer a right to a concealed weapon endorsement on the retired officer's "identification certificate." Cal. Penal Code § 12027.1(a)(1)(A)(i). It is undisputed that Plaintiff has not yet been issued an identification certificate; indeed, his operative complaint alleges that Defendant has withheld the certificate. (First Amended Complaint ¶ 24.) Further, Plaintiff alleges that the proposed defendants stated they would deny him an endorsement during settlement discussions, discussions which Defendants claim are inadmissible. If they are inadmissible then they cannot constitute the denial. Further, caselaw suggests that to obtain the concealed weapon permit the retired officer must first apply for the permit. See, e.g., Sommerfield v. Helmick, 57 Cal.App.4th 315, 317 (1997) (noting that pursuant to Penal Code section 12027.1 retired police officers may apply for authorization to carry a concealed weapon). There is no allegation of an application; instead, Plaintiff merely alleges that he asked for the permit as part of the parties' workers compensation settlement discussions. At the very least there is a serious question as to whether Plaintiff's proposed claim is yet ripe.

### 2. **Undue Delay and Prejudice**

"[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994)(quoting Acri v. International Ass'n of Machinists, 781 F.2d 1393, 1398 (9th Cir. 1986); see also E.E.O.C. v. Boeing, Co., 843 F.2d 1213, 1222 (9th Cir. 1988)(stating that "[w]here the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied")(quoting Jordan v. County of L.A., 669 F.2d 1311, 1324 (9th Cir. 1982)).

Defendants argue that Plaintiff unduly delayed in moving to amend his complaint and add two new defendants because he has known for over a year (since March 2011) about the verbal denial of his concealed weapons permit. Indeed, the First Amended complaint alleges that Defendant's denial of the permit is an example of its discriminatory and retaliatory conduct. Plaintiff counters that, though aware of the denial itself, he was not aware of "the

specific legal provisions" supporting Plaintiff's proposed § 1983 claim until "counsel for [Plaintiff] became aware of the specific process due to [Plaintiff] during the mediation" in March 2012. (Dkt. No. 26 at 2.) While counsel's ignorance of the law could, in some circumstances, justify allowing amendment, the relatively weak reason for Plaintiff's delay must be weighed against the prejudice to the defendants. See Southern California Stroke Rehabilitation Associates, Inc. v. Nautilus, Inc., 2012 WL 273140 *3 (S.D. Cal. Jan. 30, 2012) ("courts have held that ignorance of the law is an unsatisfactory excuse for excessive delay").

    Plaintiff's proposed amendment would prejudice the current defendant. The amendment will require the new defendants to answer or otherwise respond to the complaint, and it is likely one or both would file a motion to dismiss. Further, as explained above, there is a serious question as to ripeness which would likely have to be litigated. In sum, if the amendment is allowed all of the current deadlines will have to be continued. Given that Plaintiff does not have a compelling excuse for his failure to include the claim in his First Amended Complaint, or at least move prior to the case management conference (at which the trial date was set) to amend his complaint, the Court finds that it would not be in the interests of justice to grant Plaintiff permission to amend his complaint. See Solomon v. North American Life and Cas. Ins. Co., 151 F.3d 1132, 1139 (9th Cir. 1998)(holding that the district court's conclusion that the motion to amend would cause undue delay and prejudice was proper when the motion was made "on the eve of the discovery deadline" and "[a]llowing the motion would have required re-opening discovery, thus delaying the proceedings"); Netbula, LLC v. Bindview Dev. Corp., 2007 WL 2221070 *4 (N.D. Cal. Aug. 2, 2007) (finding undue prejudice when amendment was sought to add Doe defendants, two new claims, and new factual allegations after the close of discovery).

## CONCLUSION

Plaintiff's proposed amended complaint adds two new defendants and an additional cause of action and would require continuing the entire case management schedule. Given that this claim was not included earlier due to ignorance of the law and not due to Plaintiff's ignorance of the identities of the new proposed defendants or the underlying facts that give

1  rise to the new cause of action, the Court finds that such an amendment would cause undue
2  delay thereby prejudicing Defendant.  Consequently, Plaintiff's motion to amend his
3  complaint is DENIED.
4        The Court cautions that it is not ruling that Plaintiff currently has a viable cause of
5  action that would be barred by res judicata upon a final judgment in this action.  As noted
6  above, there are serious questions as to whether the proposed new claim is ripe.
7        This Order disposes of Docket Nos. 19, 20.
8        **IT IS SO ORDERED.**

Dated:  August 6, 2012        _____
      JACQUELINE SCOTT CORLEY
      UNITED STATES MAGISTRATE JUDGE